All right, we're ready to hear argument in our last case for the morning. United States v. Arlington County, Virginia. Morning, I'm James Auslander for Arlington County, Virginia. May it please the court. This is a property rights case where a bizarre use of the United States' condemnation power denied Arlington County and its citizens of just compensation for the taking of a 4.23 acre parcel of land that the county owned in fee simple and that had unique and demonstrable development value. Both sides and their affirmative experts agree that this Southgate parcel is valuable, separate and distinct from the undeveloped or permanent roadways that the United States simultaneously took in this case. That was the court issue on remand. Thus, the United States must pay the county and its citizens for that taking either in money or in developable land. But the district court again denied us even the opportunity to demonstrate to a jury the fair market value of our lost Southgate parcel and instead again prematurely terminated the case. The district court's contrary holding after an evidentiary hearing that the Southgate parcel is indistinct from Columbia Pike and worthless except as a road was erroneous both legally and factually and this court should reverse and remand. Again, to be clear, Arlington County has never opposed our cemetery expansion, but we should not be punished for our cooperation with the U.S. to achieve that expansion. We have not asked for anything unusual in this case. We just want the opportunity to prove the value of the taken property rather than having that value simply being wiped away at the whim of the United States through a novel invocation of the substitute facilities doctrine that was not made for this case. The severability issue presently on appeal is an artifice of the United States' own making to hide and then extinguish the Southgate parcel's standalone development value. The party's only dispute, as stipulated, is just compensation for the Southgate parcel, but the United States should strategically bundle the Southgate parcel into a single condemnation action along with disparate properties that undisputably have no determinable fair market value. It mushed all these properties together so that it can then claim... Can I just, can I just add, I mean you're, in seemingly every sentence you're alleging bad faith on behalf of the government. Is that like a necessary predicate to your argument? Like is it, does it depend on, I mean you just seem to be like really focused on this idea that like you know they're like really bad faith actors and you know really sort of seemingly talking about your colleagues in that way seems odd because it doesn't seem relevant but maybe you think it's relevant so can you help me understand why you think the it's necessary for you to refer to your colleagues as acting in bad faith? Your Honor, I intend to, I do not intend to allege any bad faith and I apologize that that's coming through. I, in our briefing, I think we never raised any bad faith and I think in the lower court we never alleged any bad faith. I'm not alleging any bad faith on the United States. What I am alleging is that the United States for the very first time, never in any prior takings case, has it used the substitute facilities doctrine as a means to deprive a condomnee of fair market value except in a couple of circumstances. One, where the property has no determinable fair market value, the United States stipulates that this does, the parcel does have determinable fair market value, or where the condomnee has agreed that substitute facilities will serve as just compensation and that also stipulated that did not occur here. So, Your Honor, that bad faith is not an aspect of my argument and I'm not either expressly or implicitly intending that the United States acted in bad faith. The United States saved itself several millions of dollars and acres of land by adopting the substitute facilities doctrine in this case and that is a fact. Well, is that entirely up to the United States? Your argument gives the impression that the United States just gets to choose what the parcel is and that that's the end of it. Is that how it works? No, Your Honor, but that is the United States theory in this case. But that's not what happened here, right? Didn't a court decide whether this parcel was part of a larger parcel and whether they were severable? That's what the proceedings in front of the district court were about, right? The district court decided whether they were severable and separate parcels or whether it was one large parcel that must be considered together. Yeah, this case originated because the United States brought a single case pushing, amalgamating all the parcels and calling it a single taking. It's not a concern, right? If a court is the one who decides, which is what we said in our last opinion. We said courts are often tasked with determining whether a given parcel is part of a larger parcel or whether it must be considered as a whole for compensation purposes. Yes, Your Honor. And what I'm saying is that so how the United States brought it is not that's not the end all be all. We the question in front of us is what the court decided based on the legal principles we articulated last time. Yes, Your Honor. And we're appealing the district court's finding. To be clear, the district court's finding that the Southgate parcel is synonymous with Columbia Pike and not worth anything except as a road. So again, to the extent that I'm insinuating otherwise, that's not my intent. We are appealing a district court ruling. What I'm saying is that the question of severability arose because of the way the United States fashioned the case into a single taking. And that arose that spawned the issue of whether the Southgate parcel is its own property or whether it is the same as everything else. Why do you think this matters? I mean, I'm a little baffled. I think there's sort of interesting questions here. None of this seems relevant to me, but it's what you started with. So it must be relevant. So, like, help me understand why this matters to you. Like, why is this the issue of everything we've got going on that you're like focused on? Your Honor, the issue that I'm focused on is the severability of the parcel. It sounds like you're focused on, like the way the complaint was filed, right? I mean, the district court made a decision, right? We can talk about that decision and the standard and what it is and all of those things that seemed to be what we were own. Instead, you seem to be focused on, you know, disparaging or otherwise criticizing the manner in which your colleagues brought the brought the action. You know, I'm just I want to figure out why that's pertinent, why that matters because it must matter. Otherwise you wouldn't be doing it. Your Honor, I'm not disparaging my colleagues and I'm not disparaging the United States. What I'm just what I'm saying is that the issue here is whether the Southgate parcel is a single property. The United States created the issue of whether it's a single property by the manner brought and then it's theory that it could dictate substitute facilities by offering them. And again, we've been through this a couple of times. This is now the third time that we've been more of a second time back in this court where the United States has pushed its its its theory that would really expand on my reading of the record. Didn't the county? Um, the county doesn't dispute that the substitute facilities were functionally equivalent as just compensation. The county does not. The county does not dispute that the taken Columbia Pike, which is again is a distinct non developable property. It is a road yesterday. It is a road tomorrow is statutorily dedicated to be a road. That road was taken and a substitute Columbia Pike was provided and those facilities are substitute facilities. That is the county has worked cooperatively with the United States for years on getting to that point and did not allow the, um, issue of Southgate parcel to stand in the way of that agreement on Columbia. So what's your problem now? The problem has been the same problem as since since 2000. When this, when this dispute started, um, the original taking was going to be for the Southgate parcel. Um, and the United States was going to give, I guess, what is it the appeal is on this issue. And again, respect the prior opinion of this court that indicated that based on the evidence that was then before the court, a reasonable, um, fact finder, uh, could determine excuse me. Um, a reasonable fact finder could determine that the Southgate parcel was its distinct and severable property from the rest of the property that was taken in this case. That issue was, uh, was remanded. Um, as Judge Rushing pointed out, we had a two day evidentiary hearing. The county asked for a trial, uh, for just compensation owed for its parcel. Uh, the district court held an evidentiary hearing instead and found, um, as before that they are the same, that the Southgate parcel has no development value. Despite that, both parties' experts say that it does. Um, the stipulated facts, uh, point out that it does. And the only evidence that the district court relied upon was the United States' own opposition to, uh, development, which is, you know, to be expected. So you just want us to say that the district court was wrong and then, and then what? For the district court to to give you what you want or to have a jury trial? What is it? Yes. What? What? What? We? But the ruling that we're asked that we're appealing is that, uh, a grant of judgment for the United States because the Southgate parcel is not severable from the rest of the taking. And thus, it's all substitute facilities. It's all the same. Um, what we're asking this court to do is to reverse, find the properties are severable and remand to the district court for further proceedings. And what the county believes the proper next step is that we have a jury trial, like in most of these cases on just compensation. But since you conceded the functional equivalence of the substitute facilities, what is it a jury would do? You're you're honored. The county has not conceded substitute facilities for Southgate parcel. That is, uh, that is stipulated. And, uh, it's never the county is in years has never said that substitute facilities are appropriate for the Southgate parcel. Can I just just ask a clarifying question? It seems to me you've conceded that if the properties are not severable, the United States compensation, the substitute facilities it is giving you for the entire non severable parcel is, uh, functionally equivalent, right? The amount of the compensation in that sense you have not contested. Uh, your honor, the, um, the substitute your honor. Yes, the county did not dispute adequacy of substitute facilities. The question in this case, we didn't, you know, we thought it was, um, extraneous. The issue is we have a developable property, right? So it all comes down to severability. It seems to me if we agreed with the district court on severability, you're not arguing there's anything for us to do. Are you? No, your honor. I think we made that clear last time that we were here that we are not arguing that, for example, there needs to be another road where there needs to be another trial of any sort on compensation. If they're inseparable, that that is correct. Your that when what we are saying is that these are different properties. If, for example, the United States had joined the Foxcroft Heights homes into this taking, uh, the United States wouldn't be allowed to use substitute facilities for the whole taking the same is here, even though we have an undeveloped parcel that is amenable to residential development. It's just because the United States combine them into one taking. That's not the whether it's a single taking, whether it's a single project, whether it's a single road network. The question is whether it's a single property. I think this court's prior opinion point out that if it is a, um, a severable property, a separate property is entitled to its own respective just compensation inquiry. And what the judge that what we're asking is that the court find that based on the overwhelming evidence on the issues of law that are here and the court doesn't even really need to reach disputed issues of fact based on what's conceded below, uh, that the South Gate parcel stands on its own and that it should be submitted to a jury for a trial on just compensation as provided for in the rules and we can reach whatever we disagree on how much it's worth. We couldn't have that disagreement, but at least we'll have that opportunity to be compensated for that, for that, for that loss of value. Um, I do want to point out again that that the substitute facilities doctrine, another way that this court can reverse is that this this case does not fit a substitute facilities doctrine case. This would be the been the very first case where, uh, the United States has applied substitute facilities where, um, where the condom needs and not agree to those substitute facilities for the taken property or where the value was was was not determinable. Uh, very concerned about the creation of precedent. Um, particularly as the United States and its appellate brief made clear that abuse the substitute facilities doctrine is applicable to valuable property and to unwilling condom use. That's on page 58 of its brief. Um, the other point I wanted to make is that the purported opposition to any development of the Southgate parcel also raises concerns because if that is enough to lower or, uh, remove the development value of property, you're going to see a lot more of those kinds of claims. Um, at base, we had one witness who works for the United States, um, argued that that they would oppose development. We don't have any evidence of widespread opposition. But more importantly, there's no evidence or testimony as to what that opposition would do to the county's own decision making on its own land. It owns it and be simple. That's the highest form of property, right? The county makes decisions on its own land that stipulated in the facts also. So it's unclear as to what the salience is of government as opposed to any other neighbors opposition, let alone it being controlling in this case. With that, I'll reserve my time for reply or any other questions. All right. Thank you.  Good morning, Your Honors. Seth Mone for the United States and may it please the court. On remand, the district court followed the clear instructions from this court's prior opinion. The county had already conceded that the substitute facilities the United States is building at a cost of tens of millions of dollars will fully replace the functional utility of the condemned roads. Therefore, the district court's central job on remand was to determine using its broad fact finding authority under Rule 71.1 H. Whether the Southgate Road parcel was severable from the other condemned roads. To do this, it held a two day hearing, taking testimony from 12 witnesses to determine whether the Southgate Road parcel, a piece of land that the United States gave to the county over 50 years ago, had the same or an integrated use with the other condemned roads under the established highest and best use test. The Southgate Road parcels existing use as a road, a use utilized by pedestrians, bicyclists and over 3500 vehicles a day before condemnation was its presumed highest and best use. The county had the burden of overcoming this presumption by demonstrating that its proposed residential uses were reasonably probable, despite never attempting to develop the parcel in the 50 years preceding condemnation. In a 37 page opinion, the district court found the county did not meet its burden. Numerous factual findings support this. The district court found there was no evidence in the record that multiple utilities, gas, electric and cable essential for development could reach the parcel, which will be surrounded almost entirely by Arlington National Cemetery. It found the United attempt to develop the Southgate Road parcel that the county would have to obtain numerous approvals to proceed with its development options, and those would be would have to be approved by the county's elected board members. And it found that there was no comparable development anywhere in Arlington County. Lastly, it found that developing the Southgate Road parcel would present significant financial hurdles in no small part because of the physical obstacles and the legal obstacles to development. Given these findings, the district court's determination that the Southgate Road parcel's existing use as a road, its presumed highest and best use, was its actual highest and best use is not clearly erroneous. Now, from this finding, the rest of the case fell into place. The case involved the taking of a single larger parcel, which based on this court's prior opinion, only one form of compensation, substitute facilities or money could be provided for here. Substitute facilities were the only possible form. To start with, the county had already accepted substitute facilities for the Columbia Pike portion of the larger parcel. This means that substitute facilities had to be the form of compensation for the remainder of the larger parcel, including the Southgate Road parcel. Even if the county hadn't accepted substitute facilities for the Columbia Pike portion of the parcel, it would have had to, to avoid manifest injustice to the county. The county's former head of transportation testified that Columbia Pike is an essential roadway in the region and that it needed replacement. And as the district court found in her opinion, only the United States could provide a replacement because it owned nearly all the land to the north and south of Columbia Pike. Based on the county's concession that these substitute facilities will have the same utility as a condemned road network, no jury was necessary in this case. I'd like to just focus on a couple of points that the county raised in its oral argument. To start with, this case would have turned out exactly the same if the county had just condemned the Southgate Road parcel by itself and the rest of the roadways in a separate taking. Based on this court's prior opinion, the district court had to determine what the highest and best use was of the Southgate Road parcel to determine if the case involved a single larger parcel. If the United States had just condemned the Southgate Road parcel, the district court would have conducted the same inquiry and assess whether or not a proposed residential use for that parcel was reasonably probable. It would have reached the same conclusion. Second, the county says that substitute facilities are only appropriate when property lacks a determinable market value or the landowner agrees to it. That's not the case. This court, in its prior opinion, said non-monetary compensation can be appropriate when property lacks a determinable market value or it would result in manifest injustice to the public or the landowner. And this court was quoting the United States Supreme Court in United States Abuse Commodities Trading Corporation. Also, as I articulated, the district court did not solely rely on the United States opposition to development for determining that the proposed residential development was not reasonably probable. It relied on numerous findings under all of the prongs of the highest and best use test. Lastly, as emphasized, this case turns on a factual issue. The district court's factual determination under Rule 71.1H that residential development was not reasonably probable on the Southgate Road parcel. Unless there are further questions from the court, I will cede the rest of my time and respectfully request that this court affirm the judgment of the district court. Thank you. All right. Thank you for your argument. Rebuttal. Your Honor, the United States' argument basically boils down to legal arguments that this court has already rejected, including that the current use dictates all future uses, that substitute facilities being sufficient decides the issue, that we have a precursor issue about whether the properties are severable. The United States talks about the larger parcel being the entire taking its own. Experts said that's not accurate. The larger parcel is the Southgate parcel. So, again, I have a hard time understanding the United States. It's a little hard to believe, but I think you mischaracterized what they're saying. But let me just ask the question. Do you believe the existing use is presumed to be the highest and best use? No, Your Honor. You believe that's not true? No, Your Honor. The highest and best use is the use that, and many courts have established the standard, it's the use that the most productive use that the property reasonably could be. In your view, there's no presumption that the current use is the highest and best use? No, Your Honor. It's based on the evidence in the case, and both parties, experts, declared that residential development is the highest and best use of this property. So for the district court to go then say that all it is is a road, and all it ever will be is a road, is a conclusion that's at odds with the law and the facts, and respectfully, Your Honor, based on the evidence. And again, I think it's... I don't think it's a close call, Your Honor. Based on the proceedings on remand, based on the ruling that this court issued based several findings on where reasonable fact finds are confined to the county, and then on remand, the United States focused on the adequacy of its substitute roadways and did not offer any evidence about the Southgate parcel's uniqueness and developability, whereas the county provided unrebutted developer experts, appraiser experts, county staff who deal with this on a day to day basis on rezoning similarly zoned land, handling similar proposals, and instead what the district court relied on was the United States' opposition. I just believe on balance that the Southgate parcel is clearly different than the rest of the taken property, and the United States... I'm sorry, the county is entitled to a determination of its fair market value. No further questions. I'll yield the rest of my time. All right. Thank you for your argument. We'll come down in Greek Council and adjourn court for the day. Dishonorable court stands adjourned until tomorrow morning. God save the United States and dishonorable court.
judges: Stephanie D. Thacker, Julius N. Richardson, Allison J. Rushing